

**KESSLERTOPAZ**
**MELTZERCHECK** LLP
ATTORNEYS AT LAW

Writer's Direct Dial:  484-270-1465
E-Mail: snirmul@ktmc.com
*Please reply to the Radnor Office*

August 31, 2015

**VIA ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**Re:** ***Beaver County Employees' Retirement Fund, et al. v. Bank of Nova Scotia, New York Agency, et al.,* No. 1:15-cv-05807 (PGG) -  *Consolidation of Related Actions Alleging Treasury Manipulation***

Dear Judge Gardephe:

The plaintiffs in 14 of the class actions alleging Treasuries manipulation currently pending before this Court (the "Related Actions," listed on attached schedule) submit this letter in response to the Court's August 27, 2015 Order. All plaintiffs in the Related Actions urge the Court to consolidate these cases and any subsequently-filed actions in this Court alleging similar claims. *See* Fed. R. Civ. P. 42(a).

All of the Related Actions allege violations of the federal antitrust and commodities laws arising from manipulation of the prices of Treasury securities and related financial instruments through collusion by the primary dealers of U.S. Treasury Department securities. Under Rule 42(a), where actions before a court involve a common question of law or fact, the court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Second Circuit has held that "Rule 42 should be liberally employed 'to expedite trial and eliminate unnecessary repetition and confusion.'" *Szymczak v. Nissan N. Am., Inc.*, No. 10-cv-7493, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (quoting *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)).

The Related Actions share common issues of fact and law, with very similar allegations. All the complaints allege that defendants colluded to manipulate the prices of Treasury securities and related financial instruments, including, among others, Treasury-linked interest rate swaps and exchange-traded Treasury futures and options. They similarly allege that defendants' unlawful and collusive behavior in and around the U.S. Treasury Department auctions violated

280 King of Prussia Road, Radnor, Pennsylvania 19087  T. 610-667-7706  F. 610-667-7056  info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104  T. 415-400-3000  F. 415-400-3001  info@ktmc.com
WWW.KTMC.COM

Hon. Paul G. Gardephe
August 31, 2015
Page 2

the Sherman Act and Commodity Exchange Act, causing Plaintiffs and the proposed Class injury on their Treasury securities transactions and related financial instruments.

      Accordingly, all plaintiffs support consolidation of the Related Actions under Rule 42(a). Defendants do not oppose consolidation of the Related Actions. Because "[a]ll movants seek consolidation and defendants have not opposed the motion for consolidation . . . there is little (if any) potential for prejudice" in consolidating the Related Actions. *In re CMED Secs. Litig.*, No. 11-cv-9297, 2012 WL 1118302, at *2 (S.D.N.Y. Apr. 2, 2012).

      In the interest of efficiency, consistency, and judicial economy, the Related Actions should be consolidated with the *State-Boston* Action—the first-filed Related Action—under Rule 42(a).

                                  Respectfully submitted,

                                    Sharan Nirmul

SN:mrs

## SCHEDULE OF RELATED ACTIONS

| | Case Caption | Civil Action No. |
|---|---|---|
| 1. | *State-Boston Retirement System v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-05794 |
| 2. | *Beaver County Employees' Retirement Fund, et al. v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-05807 |
| 3. | *Arkansas Teacher Retirement System v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-05830 |
| 4. | *Federighi v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-05843 |
| 5. | *United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Pension Fund v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-05931 |
| 6. | *Inter-Local Pension Fund Graphic Communications Conference of the International Brotherhood of Teamsters v. Bank of Nova Scotia, New York Agency et al.* | 1:15-cv-05939 |
| 7. | *United International Insurance Company v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-05957 |
| 8. | *IBEW Local 40 Arizona Chapter NECA Pension Trust Fund v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-06003 |
| 9. | *City of Pontiac Police and Fire Retirement System v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-06072 |
| 10. | *Rutgers Enhanced Ins. Co. v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-06129 |
| 11. | *St. John v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-06139 |
| 12. | *Oklahoma Firefighters Pension & Retirement System v. Bank of Nova Scotia, New York Agency, et al.* | 1:15-cv-06474 |
| 13. | *Cleveland Bakers & Teamsters Pension Fund, et al. v. Bank of Nova Scotia, New York Agency, et al.*[1] | 1:15-cv-06782 |

---

[1] This action has not yet been assigned to Your Honor, but it has been designated as related to the above actions.

| | Case Caption | Civil Action No. |
|---|---|---|
| 14. | *United Food and Commercial Workers Local 1776 & Participating Employers Pension Fund v. Bank of Nova Scotia, New York Agency, et al.[2]* | 1:15-cv-06853 |

---

[2] This action is currently assigned to Judge Nathan, and has not been re-assigned to Your Honor. Counsel for plaintiff in this action, however, agree that this action should be consolidated with the above actions.